Defendant-appellant, Edgar A. Easterling, appeals his conviction, rendered in the Butler County Court of Common Pleas, on one count each of forgery and theft by deception. We affirm the decision of the trial court.
On March 31, 1997, Herbert Yonas, Jr., a friend of appellant, approached appellant about cashing a social security check. The check was paid to Herbert Yonas' father, also named Herbert Yonas, and was in the amount of $1,163, dated March 3, 1997. However, the check was no longer a valid social security check, because Herbert Yonas, Sr. died February 27, 1997.
Appellant agreed to cash the check. Appellant went to a local Middletown restaurant, the Anchor, but they refused to cash the check. Appellant tried the McGee's IGA in Middletown instead. The office clerk, Sandy Herrol, recognized appellant as a customer of the store, but did not know his name. According to Herrol, appellant looked different because he was wearing glasses. McGee's IGA routinely cashes social security checks and appellant asked Herrol to cash the check. Appellant told Herrol the check was for his disability payments. Herrol testified that she assumed appellant was cashing his disability check because she had recently read an article about appellant seeking disability payments.
At first, Herrol refused to cash the check because she inadvertently thought it was postdated and could not be cashed until the first of the month. Appellant left the store, but returned soon after and told Herrol the check was for last month. Appellant cashed the check and, to the best of Herrol's recollection, she never asked for identification. Herrol explained that she thought the check was appellant's disability payment and she recognized him as a customer.
Appellant received three money orders worth $300 each and the remainder of the balance in cash. According to appellant, when appellant gave Herbert Yonas, Jr. the proceeds of the check, Yonas, Jr. loaned appellant $100. In addition, appellant and Yonas, Jr. cashed one of the money orders at a motel. The motel paid Yonas, Jr. $150, but did not have sufficient funds to pay the entire money order. Appellant testified that he was to receive the other $150 from the motel the next day as a loan from Yonas, Jr.
On June 18, 1997, appellant was indicted for forgery, R.C.2913.31 (A) (3)[1] and theft by deception, R.C. 2913.02 (A) (3).[2] A trial by jury occurred on June 2, 1998 and appellant was found guilty of both counts. In a judgment entry dated, April 15, 1998, the trial court ruled the two counts were allied offenses and therefore only sentenced appellant on the theft by deception count. Appellant received eleven months in prison and was ordered to make restitution. From his conviction, appellant filed a timely notice of appeal with four assignments of error. In his reply brief, appellant withdrew the second assignment of error. We address assignments of error one, three and four, which are as follows:
Assignment of Error No. 1:
 THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Assignment of Error No. 3:
 DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
Assignment of Error No. 4:
 THE COURT IMPROPERLY EXCLUDED FROM EVIDENCE STATEMENTS MADE BY HERBERT YONAS TO APPELLANT REGARDING THE CHECK IN QUESTION.
In the first assignment of error, appellant argues the conviction was against the manifest weight of the evidence. In determining whether a conviction is against the manifest weight of the evidence, the appellate court reviews the record as a "thirteenth juror." State v. Thompkins (1997), 78 Ohio St.3d 380,387. In exercising this role, the appellate court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. Hawkins (1993), 66 Ohio St.3d 339,344. The standard of review for reversing a conviction for being against the manifest weight of the evidence is as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against conviction.
Thompkins at 387.
In this case, appellant argues that appellee failed to (1) prove a theft occurred and (2) that the theft was in Butler County. We disagree. The evidence supports the appellant's conviction for theft by deception. Based on the testimony of Herrol, the jury easily could have concluded appellant pretended the check was payable to him and purposely deprived McGee's IGA of funds. Regarding the second argument, Herrol testified that McGee's IGA is in Butler County. Accordingly, the first assignment of error is overruled.
In the third assignment of error, appellant argues his trial counsel was ineffective because (1) he failed to move for acquittal pursuant to Crim.R. 29(A), and (2) he failed to subpoena Herbert Yonas, Jr. In order to establish a claim for ineffective assistance of counsel, appellant must satisfy a two-prong test: (1) show that counsel's representation fell below an objective standard of reasonableness; and (2) show that counsel's actions prejudiced appellant at trial.Strickland v. Washington (1986), 466 U.S. 668, 694,104 S.Ct. 2052, 2064. Prejudice means "a reasonable probability that, but for counsel's actions, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. at 2068. An appellate court may assume deficient performance "if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice." State v. Loza (1994), 71 Ohio St.3d 61,83.
Appellee met all the elements of theft by deception and forgery and a Crim.R. 29(A) motion would have been properly denied. Therefore, appellant cannot show the requisite prejudice. Regarding the second argument, Herbert Yonas, Jr. was appellant's friend and directly involved in the crime. His credibility would have been suspect at best and the decision not to call Yonas, Jr. was a reasonable trial strategy. Thus, the third assignment of error is overruled.
In the fourth assignment of error, appellant argues that the trial court erred by refusing to allow appellant to testify about statements of Herbert Yonas, Jr. concerning the check. Although the trial record lacks an offer of proof, the statements apparently were meant to show appellant thought Yonas, Jr. was expecting a social security check. Appellant appears to claim that the statements fall under the hearsay exception of present sense impression, Evid.R. 803(1), which states that "[a] statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter unless circumstances indicate lack of trustworthiness." The principle behind this exception is spontaneous statements generally have a higher degree of trustworthiness. State v. Wages (1993), 87 Ohio App.3d 780,787. However, Herbert Yonas, Jr. was a friend of appellant and was directly involved in appellant's crime. The trial court was within its discretion to conclude his statements were untrustworthy and/or lacked spontaneity. Accordingly, the fourth assignment of error is overruled.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.
[1] The statute states that "[n]o person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall do any of the following: * * * Utter, or possess with purpose to utter, any writing that the person knows to have been forged."
[2] The statute states that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: * * * By deception[.]"